# SUPERIOR COURT

Joseph Elias
vs.                    No. 56272
Kapland Remnant Company

RESCRIPT

October 2, 1924.

SUMNER, J. Plaintiff has brought suit against the defendant to recover the balance of a contract price for certain yarn sold by him to the defendant. The jury returned a verdict for the plaintiff in the sum of $870, and defendant has filed his petition for a new trial on the ground that the verdict is against the weight of the evidence.

Plaintiff testified that he took certain samples of yarn, and two sweaters made from it, and showed them to the defendant at his store in Providence; that defendant later visited the plaintiff at his house in Woonsocket and took other samples from six cases of yarn which were stored in a small room in the house; that after several visits back and forth, they came to terms and defendant bought the yarn for $1170, paid $25 down, $275 when it was later delivered at defendant's store, and agreed to pay the balance within thirty days; that eighteen or nineteen days later defendant wrote a letter saying the goods were not as represented and refused to pay for them. Plaintiff claims that defendant bought the goods on samples he picked out himself, not on the samples shown by the plaintiff.

Defendant claims that the only and picked out by the plaintiff and samples he had were those furnished that only one of the six or eight cases of yarn was opened; that the yarn delivered was not up to the samples furnished him but was moth-eaten and rotten. He claims to have notified the plaintiff of the failure in the quality of the yarn, in writing, within a few days after its receipt, and that he offered to return it.

The case hinges on the comparative veracity of the plaintiff and the defendant. Plaintiff was not a clear or satisfactory witness. He contradicted himself and made improbable statements. He claims to have bought the yarn from one John Baron Jopers, but can not tell where Jopers' place of business was or what has become of him. He admits he took from seven to ten spools of yarn with the two sweaters, as samples, to the defendant in the first instance, and yet says that defendant bought the yarns not on those samples shown by him, the plaintiff, but on samples that he (defendant) picked out himself. He says defendant was only at his (plaintiff's) house half an hour, and yet in that time opened every one of six heavy wooden cases of yarn, got samples from them of between fifty and seventy-five spools, and this was all done in a room about nine feet square. At one time he testified the samples looked good to him; at another time, that they did not, and a third time he testified that he could not tell if the yarn was in good shape. Plaintiff claimed he could not read or write, except his own name, yet readily identified the two checks given to him by the defendant when shown

them by counsel. He signed a bill of sale of the yarn to the defendant, wherein it is described as "perfect," but claims he could not read the writing and did not know what he signed. He also says he couldn't tell whether anybody read it to him or not. He claims that the billheads on one of which the bill of sale was written, and which purported to be his, were not his, but that the defendant had had them specially printed for some purpose of his own. He admitted that he had been convicted of receiving stolen goods in December, 1921, and that he had once pleaded nolo to a charge of conspiracy to defraud.

Defendant's story was reasonable and more convincing, and the Court thinks it was substantially true. Defendant's daughter corroborated him and testified that she read all the bill of sale to the plaintiff. Defendant also produced the overseer of the Livingstone Woolen Company, to which company he had sold the yarn on the basis of the samples. The overseer testified that the yarn shipped was not up to the samples shown by the defendant but was in poor condition, and that in their search they "dug into each case, almost so as to turn it upside down."

Petition for new trial granted.

For Plaintiff: Eugene L. Jalbert.

For Defendant: Baker & Spicer.